# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Frank Macias Madriaga (English)　　　　**Dkt. No.:** 99CR00204-001-DMS

**Reg. No.:** 72213-198

**Name of Sentencing Judicial Officer:** The Honorable Dana M. Sabraw, Chief U.S. District Judge

**Original Offense:** Count 1: 21 U.S.C §§ 846(a)(1) Conspiracy to Distribute Methamphetamine, a Class A felony and Count 2: 18 U.S.C. § 1951(a) Conspiracy to Interfere with Commerce by Threats or Violence, a Class C felony.

**Date of Revocation Sentence:** September 14, 2022

**Sentence:** 90 days as to counts 1 and 2 to serve concurrent to one another; 5 years as to count 1 and 2 years as to count 2 to serve concurrent to one another for a term of 5 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release　　　　**Date Supervision Commenced:** October 28, 2022

**Asst. U.S. Atty.:** Meghan Elizabeth Heesch　　　　**Defense Counsel:** Kenan Gultekin
(Appointed)
(619) 595-3191

**Prior Violation History:** Yes.  See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)** The defendant must follow the instructions of the probation officer related to the conditions of supervision. | 1. On November 17, 2022, and December 15, 2022, Mr. Madriaga failed to follow the instructions of the probation officer, by residing with Maria Madriaga. |
| **(Standard Condition)** The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. | 2. On November 17, 2022, Mr. Madriaga failed to notify the probation officer that Maria Madriaga was residing in his home. |

***Grounds for Revocation:*** As to Allegations 1 and 2, on October 31, 2022, the undersigned met with Mr. Madriaga for in initial appointment following his release from custody. At that time, the probation officer instructed Mr. Madriaga that he was not to reside with his wife, Maria Madriaga given their turbulent and domestic violence history. At that time, Mr. Madriaga did not have a stable residence and was residing temporarily at hotels in San Diego, California. Thereafter, Mr. Madriaga was able to secure his own residence and provided the probation officer his new address but did not seek approval or discuss the fact his wife, Maria Madriaga would also be residing with him. During the initial, announced, home inspection on November 17, 2022, Maria Madriaga was residing with the offender at his new residence. At that time, the probation officer reiterated to him that residing with his wife, was not permitted at that time. Mr. Madriaga stated he would be seeking legal counsel in order to have the court grant this permission. The probation officer made him aware that he had every right to seek legal counsel, but at that time, due to their history of domestic disturbances, the probation officer had not given this approval. Thereafter, on December 15, 2022, the undersigned conducted another home contact, this time the contact was unannounced. During this contact, his wife Maria Madriaga was again present, and had continued to reside with Mr. Madriaga since the previous home contact.

**VIOLATION SENTENCING SUMMARY**

**SUPERVISION ADJUSTMENT**

Mr. Madriaga commenced his second term of supervised release on October 28, 2022. As Your Honor is aware, during his first term of supervision, on July 15, 2022, Mr. Madriaga was arrested for an assault with force by means likely to produce great bodily injury, in violation of California Penal Code § 245(A)(4), a felony. Per the San Diego Police Arrest Report No. 22030532, Mr. Madriaga reportedly choked his wife, Maria Madriaga on that same date after the two engaged in a domestic dispute. While the charge was ultimately dismissed, the conduct

outlined in the arrest report was alarming. Per the report, Mr. Madriaga placed both hands around Maria's neck and squeezed for approximately 15 seconds. Maria stated she could not breathe during that time but did not lose consciousness. Maria attests that while he had his hands on her neck, Mr. Madriaga stated "bitch you just want me to choke you?". During Mr. Madriaga's contested order to show cause hearing on September 14, 2022, before Your Honor, Maria Madriaga was called as a witness by defense counsel in relation to the domestic occurrence. While testifying, Maria admitted that she had previously made a false police report on July 15, 2022. She recanted her statement that Mr. Madriaga harmed her physically in any way, on July 15, 2022. Additionally, Maria denied any restraining orders being placed on her husband.

As Your Honor is aware, many victims of domestic violence will renounce their statements in relation to the violence, out of fear of revictimization. While the undersigned does not have factual knowledge of why Maria Madriaga opted to recant her statements previously made, it gives rise for concern that either Maria Madriaga or her husband, Mr. Madriaga are not being transparent, and their relationship is a risk factor the probation officer should monitor closely.

The undersigned will further elaborate the reasoning the probation office has historically and continues to deny Mr. Madriaga and his wife to reside together. While Mr. Madriaga was still in the custody of the Bureau of Prisons (BOP) and residing at the local Residential Reentry Center (RRC), on March 4, 2022, the probation officer received collateral contact from local law enforcement regarding a domestic violence disturbance between Mr. Madriaga and Maria. While no charges were filed, a concern was established regarding their relationship. Further, on April 6, 2022, police responded to another domestic disturbance incident at Maria's home, in which Mr. Madriaga was contacted by local law enforcement, and there was suspicion that once again, the couple had engaged in a marital dispute of some sort. Again, no charges were filed in April as well. The undersigned met with Mr. Madriaga prior to his release from custody and made it clear that the probation office would not immediately approve him to release to his wife's home, given the apparent on-going marital conflict. While Mr. Madriaga did not agree with this directive, at that time he abided by these instructions and secured his own residence, in which the probation officer approved, and he ultimately released to on July 8, 2022, until his violation later that month.

Lastly, in relation to Maria Madriaga's claim there have not been any restraining orders, the Court should be aware that Maria Madriaga had in fact placed a temporary restraining order against her husband, Mr. Madriaga between the dates of June 10, 2022, through June 27, 2022, which further supported the probation officer's decision to not allow the couple to reside together following his release from the BOP.

During his current term of supervision, Mr. Madriaga has seemingly abided by all other conditions of his supervision by reporting for drug testing, maintaining employment and has been responsive to the probation officer. Despite his compliance for most of his conditions, Mr. Madriaga's brazen disregard for the instructions that he is not to reside at this time with his wife, nor seek approval for her to reside with him, continues to be problematic for the undersigned. As the court is aware, it is the responsibility of the probation office to assess the safety of third parties as well as the community at large. It is the position of the probation office that Mr. Madriaga exhibits a potential risk of harm against his wife. Given Mr. Madriaga's lack of desire to follow the instructions fully of the probation officer, his overall adjustment at this time, is considered poor.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Madriaga is a 67-year-old married, father of four adult children. Mr. Madriaga was born in San Diego, California, and has ties to both California and Arizona, where he resided as a child for some years. Since his teenage years, Mr. Madriaga has been in and out of custody and has an extensive and serious criminal history. At the time of sentencing in the instant offense, he was in a Criminal History Category VI and was considered a

Career Offender.   Mr. Madriaga has multiple arrests relating to drugs, weapons, assaults, armed robberies, domestic violence, weapons while in custody, to summarize.

As Your Honor is aware, as outlined in the presentence report (PSR), Mr. Madriaga became a Mexican Mafia member while in state custody in the 1990s.  His role as a made member has significant relevance, as notated in his PSR. While his last serious violation in custody occurred in 2017, it should be noted that during his time in custody, he accrued approximately 35 serious discipline reports, outlining his adjustment in custody was less than satisfactory.

Mr. Madriage does not have a high school diploma or GED and due to the times Mr. Madriaga has gone into custody, it has caused his employment history to be sporadic.  He is skilled in the construction field and returned to his job at Quality Construction, following his revocation.  He suffers from no known mental health ailments and is overall healthy but does require high blood pressure medication.

Lastly, Mr. Madriaga has abused heroin intravenously, since approximately 15 years of age.  While he denies any heroin use for the past 10 years, he did receive a violation while in the Bureau of Prisons in 2017, for the use of drugs/alcohol, however the details of that violation are unknown in nature.  At this time, Mr. Madriaga is enrolled in drug testing with the probation office for monitoring purposes and has had no issues in relation to drug testing.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**As to Count 1:** If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years.  18 U.S.C. § 3583(e)(3).

**As to Count 2:** If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years.  18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (failure to follow instructions of probation officer and failing to notify the probation officer of any residency changes) constitutes Grade C violations. USSG §7B1.1(a)( 3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category VI (determined at the time of sentencing) establishes an **imprisonment range of 8 to 14 months as to both Counts 1 and 2, in this case.**  USSG § 7B1.4, p.s.  It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody.  The length of such a term shall not exceed the term of

supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

**As to Count 1:** In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

**As to Count 2:** In this case, the court has the authority to reimpose a term of 33 month(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Madriaga has demonstrated an unwillingness to comply with the conditions of his supervised release by failing to follow the instructions of the probation officer and having his wife reside in his home without approval. The offender has continued to show a blatant disregard for these instructions as they relate to his residence. As such, it is believed the issuance of a warrant is justified to gain his appearance in court to answer to the alleged violations due to Mr. Madriaga's serious history of violence and overall criminal conduct, however the undersigned will defer to the court as to the issuance of a summons, if the court deems this to be more appropriate in this case.

## RECOMMENDATION/JUSTIFICATION

Based on the previously outlined allegations, it is believed Mr. Madriaga has demonstrated an inability to successfully abide by the conditions of his supervision. Therefore, it is believed court intervention is needed to remove the offender from the community and allow the court to address the above outlined conduct. As indicated above, the probation office has an obligation to assess third party risk. In Mr. Madriaga's case, it is believed, based on their documented history of domestic disturbances, there is potential for Maria Madriaga to be at risk. Given their turbulent and what appears volatile history, the risk is too great to allow them to reside in the same home together. The probation officer respectfully requests that Mr. Madriaga not be permitted to reside with his wife, Maria Madriaga, unless granted to do so by the court. As to the conduct and noncompliance alleged herein, should the Court find the offender in violation of his conditions. the probation officer will defer making a formal recommendation for sentencing until such time all parties are before the Court to address this matter.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** <u>**January 4, 2023**</u>

Respectfully submitted:                                Reviewed and approved:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____           _____
Talia Devine                                          Craig Bilinski
Senior U.S. Probation Officer                          Supervisory U.S. Probation Officer
(619) 557-5832

**VIOLATION SENTENCING SUMMARY**

1. **Defendant:** Madriaga, Frank Macias

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 99CR00204-001-DMS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| Failure to follow instructions of probation officer | C |
| Failure to notify the probation officer of residency changes | C |
| | |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))   [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))   [   VI   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))   [   8 to 14 months   ]

7. **Unsatisfied Conditions of Original Sentence**:   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | N/A | Community Confinement | N/A |
| Fine($) | N/A | Home Detention | N/A |
| Other | N/A | Intermittent Confinement | N/A |

PROB12(C)
Name of Offender: Frank Macias Madriaga     January 4, 2023
Docket No.: 99CR00204-001-DMS     Page 7

**THE COURT ORDERS:**

_X_    AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____    DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____    Other _____

_____

_____

The Honorable Dana M. Sabraw
Chief U.S. District Judge

1/4/23
Date

lus for rjm